```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :
                               :CRIMINAL NO. 3:CR-15-280
         v.                    :CIVIL ACTION NO. 3:17-CV-187¹
                               :
EDWARD JETER                   :(JUDGE CONABOY)
                               :
                               :
                               :
```

**MEMORANDUM**

Here the Court consider's the motion for post-conviction relief filed under 28 U.S.C. § 2255 by Edward Jeter ("Petitioner") on February 1, 2017. (Doc. 47.) With this motion Petitioner claims ineffective assistance of counsel and seeks a reduction in his sentence to the statutory minimum of sixty months. (Doc. 47.) Plaintiff identifies three grounds for relief in his motion. (Doc. 47 at 4-6.) In his supporting brief, Petitioner explains the basis for each of his alleged grounds for relief and asserts that the outcome would have been different but for counsel's ineffective assistance. (Doc. 48 at 4-9.) On November 7, 2017, the Government filed its response to the motion (Doc. 68), having received extensions of time within which to do so (see, e.g., Docs. 53, 60). The Government contends that Petitioner's claims are meritless and the only claim related to the relief sought is not supported by the record. (Doc. 68 at 13-15.) Petitioner did not file a reply brief

---

¹ The civil case number is for statistical purposes. All filings are docketed under the criminal case number and documents referenced in the Memorandum are identified by the docket number assigned in the criminal docket.

and the time for doing so has passed. Therefore, this matter is ripe for disposition. Having reviewed the parties' filings, the Court concludes Petitioner's motion is properly denied.

## I. Background

As a result of information gleaned from a nationwide investigation conducted by the Federal Bureau of Investigation ("FCI") related to child pornography, a search warrant was executed at Petitioner's residence on August 24, 2015. (Doc. 68 at 2.) Agents seized a computer belonging to Petitioner and Petitioner spoke with agents, making certain admissions regarding the child pornography accessed by his computer. (*Id.* at 2-3.) Forensic examination of the computer revealed 94 videos and 2,163 images of child pornography (*id.* at 3), descriptions of which are not necessary here.

Petitioner was originally arrested via a Criminal Complaint filed on August 25, 2015. (Doc. 1.) On November 25, 2015, an Information was filed charging Petitioner with receiving child pornography, 18 U.S.C. § 2252(a)(2). (Doc. 16.) On the same date, the Statement of Defendant was filed in which Petitioner stated that he understood that, based solely on his plea of guilty, the judge could sentence him to the maximum penalty for the offenses which included a period of imprisonment of twenty years. (Doc. 18 ¶ 2.) Petitioner also stated that he understood he had the right to plead not guilty, the right to present his case to a jury, and

the right to move to suppress evidence and, by pleading guilty, he was giving up all of these rights. (*Id.* ¶ 4.) Petitioner acknowledged he had discussed these matters with his attorney and he was satisfied with her representation, no promises or threats had been made regarding his guilty plea, and he voluntarily entered the plea with full knowledge of the rights he was giving up. (*Id.* ¶ 8.)

At the Change of Plea proceeding held on January 12, 2016, Magistrate Judge Karoline Mehalchick reviewed the matters addressed in the Statement of Defendant and Petitioner confirmed that he wanted to enter a plea of guilty and that he had entered into an agreement with the Government but did not have a written plea agreement and no promises had been made by the Government. (Doc. 64 at 11.) The Government reviewed the facts of the case, noting that at the time the warrant was executed, Petitioner was told he was not under arrest and was free to leave but Petitioner agreed to talk with agents and made certain admissions. (*Id.* at 19-20.) Following the Government's recitation, Petitioner fully admitted the facts as stated and pled guilty. (*Id.* at 21.)

The Presentence Report ("PSR") determined that Petitioner's advisory guideline range was 108-135 months in prison. (Doc. 68 at 5.) At the May 12, 2016, sentencing the Government requested that the Court impose a sentence within the applicable range. (Doc. 65 at 5.) Petitioner's counsel argued for a sentence at or near the

3

statutory minimum of 60 months. (Id. at 12.)  In support of her request, Counsel discussed Petitioner's long-term depression for which he had recently begun treatment which was helping him and reduced the chance of recidivism, and Petitioner's mother's poor health as well as the fact that he was her only support. (*Id.*)

The Court agreed to grant the variance requested by Petitioner's Counsel and sentenced Petitioner to 78 months in prison, 30 months below the low end of the advisory guideline range. (Doc. 65 at 19.)  Petitioner did not file a direct appeal but filed the 28 U.S.C. § 2255 motion considered here on February 1, 2017 (Doc. 47).

## II. Discussion

In his motion and supporting brief, Petitioner raises three broad bases for his ineffective assistance of counsel claim: Counsel was ineffective for failing to file motions in limine; Counsel was ineffective during plea negotiations; and Counsel failed to advocate during sentencing. (Doc. 48 at 4-8.)[2]

In pertinent part, § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

---

[2] Petitioner filed Supplement of 28 U.S.C. § 2255 Motion (Doc. 57) on August 1, 2017. Petitioner chose in the February 10, 2017, Notice of Election to have the Court rule on his motion as filed. (Doc. 50.)  Therefore, to the extent new grounds for relief are raised in the Supplement, they are not properly considered by the Court and will not be addressed in this Memorandum.

4

> sentence was imposed in violation of the
> Constitution or laws of the United States . . .
> may move the court which imposed the sentence to
> vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000) (*abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134, 143-44 (2012)) (citing *Reed v. Farley*, 512 U.S. 339, 348 (1994); *Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997)).

Here the constitutional violation identified by Petitioner is that his counsel was ineffective in violation of the Sixth Amendment. (Doc. 140 at 4, 5, 7.) To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must demonstrate "(1) that counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his client." *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (*citing Strickland*, 466 U.S. at 689-92). To show prejudice, a petitioner must show "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in

the outcome.'" *Albrecht*, 485 F.3d at 127 (*quoting Strickland*, 466 U.S. at 694). The Petitioner bears the burden of establishing that counsel's performance prejudiced the defense. *Marshall v. Hendricks*, 307 F.3d 36, 89 (3d Cir. 2002).

Petitioner clearly has not met his burden. First, as set out above, Petitioner specifically agreed to the pre-sentencing handling of the case both in the Statement of Defendant and at the change of Plea proceeding before Magistrate Judge Mehalchick held on January 12, 2016. (*See* Docs. 18, 64.) The bald assertions and conclusory allegations now made by Petitioner concerning pre-sentencing matters do not undermine or negate assurances previously made to the Court. (*See* Doc. 68 at 14 (citing *Mayberry v. Petsock*, 821 F.2d 179, 195 (3d Cir. 1987)).) Significantly, as noted by the Government, Petitioner's only claim that relates to the relief sought in his motion is Counsel's alleged ineffectiveness at sentencing. (*See* Doc. 68 at 15.) The record shows that Counsel brought to the Court's attention Petitioner's background, his treatment efforts, and his mother's reliance upon him, as well as numerous other facts supporting her request for a sentence at or near the statutory minimum. (Doc. 65 at 10-12.) Furthermore, Counsel successfully persuaded the Court to impose a sentence thirty months below the recommended guideline range. Overall, the record in this case provides no basis to conclude that Counsel was ineffective for failing to secure the statutory minimum sentence or

for any other reason.  Therefore, Petitioner's motion is properly denied.

### III. Conclusion

For the reasons discussed above, Petitioner's motion (Doc. 47) is denied and the Court further finds there is no basis for the issuance of a certificate of appealability.  An appropriate Order will be filed simultaneously with this Memorandum.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: 12-11-17