## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:15-CR-00280 |
| v. | (Judge Brann) |
| EDWARD JETER, | |
| Defendant. | |

### MEMORANDUM OPINION

### AUGUST 11, 2020

Currently pending before the Court is Edward Jeter's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Jeter contends that he is entitled to release to home confinement because his mother was recently diagnosed with chronic lymphocytic leukemia and will require assistance at home.[2] The Government opposes the motion.[3]

## I.    BACKGROUND

In 2015, a criminal information was filed charging Jeter with the receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).[4] Jeter later pled guilty, without the benefit of a plea agreement, to that charge[5] and was sentenced to 78

---

[1]   Doc. 72.
[2]   *Id.*
[3]   Doc. 74.
[4]   Doc. 16. Jeter waived his right to indictment by a grand jury. (Doc. 19).
[5]   Docs. 18, 25, 29.

months' imprisonment.[6] He is currently incarcerated at the Allenwood Low Security Federal Correctional Institution in Allenwood, Pennsylvania.

Jeter has now filed a motion for compassionate release.[7] Jeter does not assert that he suffers from any illness that would elevate his risk of serious illness or death should he contract COVID-19 but, instead, bases his motion on his mother's leukemia diagnosis and his wish to assist her with her activities of daily life.[8] The Government responds that no extraordinary and compelling basis exists to grant the motion and, in any event, the relevant 18 U.S.C. § 3553(a) sentencing factors militate against releasing Jeter to at-home confinement.[9] This motion is ripe for consideration and, for the following reasons, Jeter's motion will be denied.

## II.   DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[10] Congress has provided courts with the authority to modify sentences through its enactment of 18 U.S.C. § 3582(c)(1)(A). That statute permits courts to reduce an inmate's sentence if the inmate has exhausted his administrative remedies and if, as relevant here, "extraordinary and compelling reasons warrant such a reduction."[11] Courts must also

---

[6]   Doc. 44.

[7]   Docs. 72, 75.

[8]   *Id.*

[9]   Doc. 74.

[10]   *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).

[11]   18 U.S.C. § 3582(c)(1)(A)(i).

consider the relevant § 3553(a) sentencing factors[12] and whether "the defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[13]

Congress has not defined the term "extraordinary and compelling." However, the Sentencing Guidelines define the term to include, as relevant here, "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[14] This definition is not, however, authoritative, as "[t]he Commission has not updated its policy statement to account for the changes imposed by the First Step Act, and the policy statement is now clearly outdated."[15] Thus, while "the Policy Statement provides useful guidance for district courts in assessing a defendant's eligibility for compassionate release, . . . it does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."[16]

---

[12]   *Id.*
[13]   U.S. Sentencing Guidelines Manual § 1B1.13(2).
[14]   USSG § 1B1.13, cmt. n.1(C).
[15]   *United States v. Rodriguez*, __ F.Supp.3d __, __, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *3 (E.D. Pa. Apr. 1, 2020).
[16]   *United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *3 (M.D. Pa. Aug. 5, 2020) (brackets and internal quotation marks omitted).

The relevant sentencing factors to consider under § 3553(a) include, *inter alia*, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[17] "The burden rests with the defendant to show that a reduction in sentence is proper."[18]

Here, Jeter has not met his burden of establishing that extraordinary and compelling reasons exist to grant compassionate release. Although Jeter's mother appears to extremely ill, she is not the caretaker of Jeter's children, nor is she Jeter's spouse or registered partner such that her incapacitation could trigger Jeter's release to home confinement.[19] Although the Sentencing Guidelines definition is not binding upon the Court, the Court sees no reasoned basis for extending the definition to Jeter's situation. Moreover, even if the incapacitation of Jeter's mother were likened to the incapacitation of a spouse, there is no indication that Jeter is "the only available caretaker" for his mother. In the absence of any such evidence, the Court

---

[17]   18 U.S.C. § 3553(a).

[18]   *United States v. Rengifo*, No. CV 1:13-CR-00131, 2020 WL 4206146, at *2 (M.D. Pa. July 22, 2020).

[19]   USSG § 1B1.13, cmt. n.1(C)(ii).

cannot conclude that "extraordinary and compelling reasons" warrant Jeter's release to home confinement.

Moreover, the existence of COVID-19 does not warrant Jeter's release from custody. Jeter does not suffer from any ailments that render him more susceptible to serious injury or death should he contract COVID-19. In the absence of any comorbidity that would render Jeter especially vulnerable to COVID-19, the Court simply cannot conclude that compassionate release is appropriate. As the United States Court of Appeals for the Third Circuit has explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.[20]

The Court is sympathetic to Jeter's situation. His mother's medical issues are tragic, and it is undoubtedly difficult for both her and Jeter to cope with those issues while Jeter remains incarcerated. However, under these circumstances, the Court simply cannot find that extraordinary and compelling reasons exist to grant Jeter's motion.

---

[20]   *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

## III.   CONCLUSION

For the foregoing reasons, Jeter's motion for compassionate release will be denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge